# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| ADEL AL, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>vs.<br><br>STUPAR, SCHUSTER & BARTELL, S.C.,<br><br>        Defendant. | Case No.: 17-cv-854<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Adel Al is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Stupar, Schuster & Bartell, S.C. ("SSB") is a law firm with its principal place of business located at 633 W Wisconsin Ave, Ste 1800, Milwaukee, WI 53203.

6. SSB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. SSB is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. SSB is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

8. On or about November 22, 2016, SSB mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Associated Bank, N.A." ("Associated"). A copy of this letter is attached to this Complaint as Exhibit A.

9. Upon information and belief, Exhibit A was the first letter SSB sent Plaintiff regarding the alleged debt to which the letter refers.

10. Upon information and belief, the alleged debt that SSB was attempting to collect by sending Exhibit A to Plaintiff was allegedly incurred for personal, family or household purposes, namely an alleged credit card debt.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, Exhibit A is a form debt collection letter used by SSB to attempt to collect alleged debts.

13. Exhibit A seeks to collect $158.93.

14. Exhibit A is on SSB's firm letter head, and identifies itself as "Attorneys at Law" as well as a "law firm."

2

15. Exhibit A also lists "George S. Stupar (1940-1975), Michael P. Stupar, Jeffrey S. Schuster, Thomas M. Bartell, Jr., Andrew R. Helminiak, Matthew E. Carlton, Vincent R. Bauer" at the top of the letter as part of the firm letterhead.

16. The first sentence on Exhibit A also states that the "law firm has been retained . . . to collect the entire balance."

17. Exhibit A appears to be hand-signed by "Matthew E. Carlton" (Attorney Carlton).

18. Upon information and belief, SSB would not, in the regular course of business, file an action against Plaintiff over $158.93.

19. Exhibit A also falsely implies that an attorney was meaningfully involved in the collection of the account and that legal action is imminent. Exhibit A states:

> If you wish to resolve this matter without a lawsuit, you must, within fifteen (15) days of the date of this letter, either pay Associated Bank, N.A. the amount of $158.93 the entire amount due as stated above or contact the undersigned at the above telephone number in order to work out arrangements for payment.

20. The unsophisticated consumer, receiving a letter from a law firm with the above language, believes that that law firm has been hired to sue the consumer, and that an attorney is personally and professionally involved in the consumer's file.

21. The Seventh Circuit has stated: "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir.1996).

22. "If a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word 'attorney' in the minds of delinquent consumer debtors to better effect collection of the debt, the debt collector should at least ensure that an attorney has become

3

professionally involved in the debtor's file." *Id.*; *see also Clomon v. Jackson,* 988 F.2d 1314, 1320-21 (2d Cir. 1993).

23. The Third Circuit has held that collection letters purporting to be "from an attorney" when there was no actual attorney involvement violated the FDCPA, even though the letters included an attempted disclaimer of attorney involvement. *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 995 (3d Cir. 2011).

24. Other Circuits have held that "a lawyer acting as a debt collector must notify the consumer, through a clear and prominent disclaimer in the letter, that the lawyer is wearing a 'debt collector' hat and not a 'lawyer' hat when sending out the letter."

25. Exhibit A does not include any language in the nature of a disclaimer of attorney involvement, let alone a "clear and prominent disclaimer" like the one discussed in *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 361-62 (2d Cir. 2005). On the contrary, the letter expressly threatens to bring a lawsuit if the consumer does not pay or contact SSB to make payment arrangements within fifteen days. Exhibit A.

26. Upon information and belief, at the time Exhibit A was mailed to Plaintiff and the class, no attorney had assessed the validity of the alleged debts to the standards required of an attorney.

27. Upon information and belief, at the time Exhibit A was mailed to Plaintiff and the class, Attorney Carlton had not assessed the validity of the alleged debts to the standards required of an attorney.

28. SSB is a high-volume debt collector.

29. Upon information and belief, from the time that consumer debts are placed with SSB for collection until the time that a legal complaint is drafted, the only employees of SSB who are directly involved in the collection process of consumer debts are non-attorneys.

4

30. According to CCAP, Attorney Carlton has *filed* more than 1,800 cases since he was first licensed to practice in 2014.

31. Moreover, SSB is frequently engaged to send collection letters to consumers with no intention that SSB will ever file a lawsuit to collect the debt.

32. Upon information and belief, SSB had no intent to ever sue Plaintiff to collect the debt identified in Exhibit A, which was only for $158.93.

33. Upon information and belief, Associated had no intent to allow SSB to sue Plaintiff to collect the debt identified in Exhibit A. Associated hired SSB to send collection letters, not to sue.

34. A CCAP search of judgments that Associated has obtained against consumers indicates that Associated only files lawsuits for amounts significantly larger than $158.93. Plaintiff's counsel was unable to find *any* Associated lawsuits brought for under $2,500, and most significantly exceeded that amount.

35. Upon information and belief, a significant portion of SSB's debt collection activities consists of computer-automated processes, including the sending of computer-generated form letters like Exhibit A.

36. Upon information and belief, at the time Exhibit A was mailed to Plaintiff and the class, no attorney at SSB had reviewed any documentation underlying the alleged debts, including but not limited to any contract, payment history or any other documents establishing or evidencing the alleged debts.

37. Upon information and belief, at the time Exhibit A was mailed to Plaintiff, no attorney at SSB had reviewed anything relating to Plaintiff's account. Instead, a computer or a non-attorney assistant at SSB or a third party mailing company generated and mailed Exhibit A as part of a batch of identical, except for personal information, form debt collection letters.

5

38. Upon information and belief, at the time Exhibit A was mailed to Plaintiff and the class, no attorney at SSB had exercised the professional judgment of an attorney that Plaintiff or any other class member was delinquent on his or her debt and a candidate for legal action, nor was any attorney at SSB meaningfully involved in the decision to send Exhibit A to Plaintiff and the class.

39. Upon information and belief, no attorney at SSB personally reviews each class member's collection letter in any meaningful sense, before the letter is mailed.

40. Upon information and belief, no attorney at SSB makes an individualized assessment of the class member's circumstances or liability, before Exhibit A is mailed to each class member.

41. Plaintiff was confused and misled by Exhibit A. Plaintiff believed that SSB and Associated would sue him to collect the debt.

42. As a direct result, Plaintiff made a payment to SSB that he would not otherwise have made due to his financial situation. *See* 15 U.S.C. § 1692(e) (one of the FDCPA's purposes is "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.")

43. The unsophisticated consumer would be confused by Exhibit A.

44. Plaintiff had to spend time and money investigating Exhibit A.

45. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

46. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*,

6

No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

47. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

48. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

49. 15 U.S.C. § 1692e(3) specifically prohibits: "The false representation or implication that any individual is an attorney or that any communication is from an attorney."

50. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

51. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

52. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

53. <u>Exhibit A</u> threatens to sue the recipient to collect the debt if the consumer does not pay or make payment arrangements within fifteen days of the date of the letter.

54. SSB had no authority to sue Plaintiff over a $158 debt.

55. Associated does not sue individuals to collect debts in similar amounts to Plaintiff's. Associated only sues to collect significantly larger balances.

56. The threat of legal action in <u>Exhibit A</u> was false and misleading. It caused Plaintiff to make a burdensome payment that he could not afford under false pretenses.

57. Such conduct violates 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10), and 15 U.S.C. § 1692f.

8

## COUNT II – FDCPA

58. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

59. <u>Exhibit A</u> creates the false impression that an attorney at SSB had personally reviewed the circumstances of Plaintiff's and class members' alleged debts and <u>Exhibit A</u> itself, and "reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action," at the time that the letters were mailed to Plaintiff and class members.

60. <u>Exhibit A</u> creates the false impression that SSB would sue Plaintiff and that legal action had already commenced or was imminent.

61. Before mailing <u>Exhibit A</u> to Plaintiff and the class, no attorney at SSB had any meaningful involvement with Plaintiff's or /class members' alleged debts or the letters. *Avila*, 84 F.3d at 229; *Nielsen v. Dickerson*, 307 F.3d 623, 635 (7th Cir. 2002).

62. Such conduct violates 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10), and 15 U.S.C. § 1692f.

## CLASS ALLEGATIONS

63. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complaint in this action, (c) seeking to collect a debt allegedly owed to Associated Bank and (d) incurred for personal, family or household purposes, (e) in an amount less than $2,000.00, (f) between June 20, 2016 and June 20, 2017, inclusive, (g) that was not returned by the postal service. Excluded from the class are any persons who Associated sued to collect the debt.

64. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

65. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

66. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

67. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

68. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

69. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 20, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)

3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com